IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KEINO S. CRICHLOW, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 12-303-GMS ) |
| JOHN DOE, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Keino S. Crichlow ("Crichlow"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on March 13, 2012. (D.I. 3.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Crichlow filed his complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, § 504 of the Federal Rehabilitation Act of 1973 ("Rehabilitation Act"), and the Americans with Disabilities Act of 1990 ("ADA"). He seeks redress for unconstitutional conditions of confinement that violated Delaware, Pennsylvania, and Maryland federal and state laws while he was confined in four separate facilities in Delaware, Pennsylvania, Maryland, and county jails.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Crichlow proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (not published).

### III. DISCUSSION

Crichlow filed the instant complaint against forty-four defendants. The complaint contains unrelated claims against numerous defendants in violation of Fed. R. Civ. P. 20(a). The

2

complaint is clearly unmanageable and the forty-four defendants would have great difficulty responding to it. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

In addition, "[t]he Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (not published) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . .").

The claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. Nor do the claims involve issues of law or fact common to all forty-four defendants. Indeed, the complaint contains a host of completely unrelated claims such as overcrowding, classification, personal hygiene, recreation, access to courts, visiting, packages, discrimination, equal protection, program service, and medicals needs. Crichlow indicates that

his claims occurred in four different locations in Delaware, Pennsylvania, Maryland, and county jails. Few of the defendants listed in the caption of the complaint are identified. Moreover, the complaint lacks facts alleging the personal involvement of the defendants. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.").

Finally, Crichlow recites to numerous grievances he filed and refers to various dates when he did not receive medical care or medication. Many of the claims are time-barred. The complaint was filed on March 7, 2012 pursuant to the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. Similarly, claims under Title II of the ADA and § 504 of the Rehabilitation Act have a two-year limitation period. *See Hall v. Minner*, 411 F. App'x 443 (3d Cir. 2011) (not published); *P.P. ex rel. Michael P. v. West Chester Area Sch. Dist.*, 585 F.3d 727 (2009). Hence, it appears that claims arising before March 7, 2010 are time-barred.

Based upon the foregoing discussion, the complaint will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20. Crichlow will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Crichlow believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are

unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185 (M.D. Pa. 1992).

Crichlow is warned that the inclusion of separate, unrelated claims, particularly those that occurred in different states and different correctional institutions will be considered a failure to comply with this court's order and will result in dismissal of the amended complaint. *See* Fed. R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

## IV. CONCLUSION

For the above reasons, the court will dismiss without prejudice the complaint for failure to comply with Fed. R. Civ. P. 20. Crichlow will be given leave to amend.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

May 10, 2012
Wilmington, Delaware

5