IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEINO S. CRICHLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-303-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Keino S. Crichlow ("Crichlow"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on March 13, 2012. (D.I. 3.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The original complaint was screened and dismissed. (*See* D.I. 7, 8.) Crichlow was given leave to amend, and he filed an amended complaint on June 8, 2012. (D.I. 9.) The court proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

The amended complaint is filed pursuant to 42 U.S.C. § 1983, § 504 of the Federal Rehabilitation Act of 1973 ("Rehabilitation Act"), and the Americans with Disabilities Act of 1990 ("ADA"). Crichlow seeks redress for unconstitutional conditions of confinement, inadequate medical care, and excessive force. (D.I. 9.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Crichlow proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

must grant Crichlow leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Crichlow has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Crichlow's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

### A. Eleventh Amendment

Plaintiff names as defendants the State of Delaware and the Delaware Department of Correction ("DOC"). Both are immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). For the above reasons, the court will dismiss all claims against the State of Delaware and the DOC as they are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[2]

### B. Personal Involvement/Respondeat Superior

The caption of the amended complaint names a host of defendants, most of whom are not mentioned in the body of the complaint. Crichlow specifically mentions DOC Commissioner Carl Danberg ("Danberg") and Warden Perry Phelps ("Phelps").[3] It is evident that he names

---

[2]To the extent Crichlow attempts to raise ADA and Rehab Act claims against the State of Delaware and the DOC, the claims are deficiently pled. Crichlow merely recites the statutes, with no facts to support said claims in derogation of the pleading requirements of *Iqbal* and *Twombley*.

[3]The only other individual specifically named is Sergeant Demby ("Demby"). Demby, however is not a named defendant. Crichlow alleges that he was assaulted by Demby on June 2, 2012. (D.I. 9, ¶ 7.) The alleged assault occurred well after the filing of the original complaint and is completely unrelated to all other claims. Crichlow was warned about the inclusion of

4

Danberg and Phelps as defendants based upon their supervisory positions as he alleges that they are responsible for the policies, practices, supervision, conduct of all DOC personnel, and enforcing DOC rules.

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

Crichlow provides no specific facts of any of the foregoing defendants' personal involvement as he must to state a claim for violations of his constitutional rights. Nor does the complaint contain facts that any defendant expressly directed the deprivation of his constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. For the above reasons, the court will dismiss all claims against Danberg and Phelps as frivolous pursuant to 28 U.S.C.

---

separate, unrelated claims in a single complaint. The court strikes and disregards any potential claim, to the extent that Crichlow intended to name Demby as a defendant in the amended complaint. Crichlow has the option of filing a separate complaint raising his claims against Demby.

§ 1915(e)(2)(B) and § 1915A(b)(1).

### C. Medical Needs

Crichlow alleges that he suffers from multiple sclerosis and that his condition requires weekly injections. Upon his incarceration in 2007, Crichlow informed the intake nurse of condition but, by March 3010, he "began to grieve the facilities' negligence in handling it." The medical staff continues to "drop the ball" and Crichlow continues to receive his injections and other medications in an inconsistent and sporadic regimen. (D.I. 9 at ¶¶ 1-6.)

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not [published) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327,

332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Crichlow, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. At present, the claims are deficiently pled as they are not directed against any individual. Therefore, the medical needs claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that Crichlow may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend as to this claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the court will dismiss the amended complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Crichlow will be given leave to amend only as to the medical needs claim.

An appropriate order will be entered.

_Sept 10_, 2012
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE